Patrick J. Schurr
State Bar No. 17853530
Email: patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR SIMPLICITY CAPITAL L.L.C.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **INTERNATIONAL RESTAURANT** | § | **CASE NO. 19-40762-btr-11** |
| **GROUP, L.L.C.,** | § | |
| | § | |
| **Debtor.** | § | |

## MOTION TO COMPEL DEBTOR-IN-POSSESSION TO ASSUME
## OR REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY
## LOCATED AT 8820 FM 423, FRISCO, TEXAS

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE JUDGE:**

>        **COMES NOW** Simplicity Capital LLC ("Movant") and would respectfully show unto the

Court as follows:

**MOTION TO COMPEL ASSUMPTION OR REJECTION OF**
**NONRESIDENTIAL REAL PROPERTY LEASE** - PAGE 1
N:\pschurr\Simplicity Frick\2019.04.12 motion assume reject.wpd

## I.
## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2(G). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is §365(d)(3) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

## II.
## Background

4.      International Restaurant Group, LLC ("IRG" or "Debtor") commenced this proceeding by filing a voluntary petition under chapter 112 of the Bankruptcy Coude on March 22, 2019 (the "Petition Date").

5.      Since the Petition Date, the Debtor has been operating as debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

6.      The Debtor operates several Grandy's and Captain D's restaurants in the North Texas area, including the premises located at 8820 FM 423, Frisco, Texas 75034 (the "Location") which is the subject matter of this Motion.

7.      Movant is the owner of certain real and personal property at the Location.

8.      Prior to the Petition Date, Movant and the Debtor executed that certain Lease Agreement dated as of November 7, 2016 (the "Lease") with regard to the Location. A true and correct copy of the Lease is attached hereto as Exhibit "A" and incorporated herein for all purposes.

9.      The Lease calls for monthly payment of rent due on the first of each month in the

amount of $11,299.71.

10.    Prior the Petition Date, the Debtor had not fully paid the monthly rent under the Lease to Movant.

11.    Since the Petition Date, the Debtor has failed and to date refused to pay Movant the April 2019 rent for the Location.

12.    The Debtor currently occupies the Location, however, the Location is currently locked and not open for business.

13.    Efforts to determine if the Debtor intends to assume or reject the Lease have been unsuccessful.

14.    Upon information and belief, the Debtor has canceled the insurance covering the physical building at the Location but maintains insurance on the business personal property inside the Location.

### III.
### Relief Requested

15.    No post-petition rent has been paid to Movant since the Petition Date in this case.

16.    Pursuant to 11 U.S.C. § 365(d)(3), the Debtor, or a Trustee if one is appointed, must perform under the Lease until the Lease is assumed or rejected.

17.    By this Motion, Movant seeks an order of this Court compelling pursuant to 11 U.S.C. § 105(a), Debtor to perform its post-petition obligations under the Lease.

18.    11 U.S.C. § 365(d)(3) provides that a debtor-in-possession "shall timely perform all the obligations of the [debtor-in-possession] ... arising from and after the order for relief under any

unexpired lease of non-residential real property, until such lease is assumed or rejected...." 11 U.S.C. § 365(d)(3).

19.     Because the Lease has not been assumed or rejected, Debtor is obligated to timely perform all of its obligations under the Lease, including rental payments. As stated by the Seventh Circuit Court of Appeals, "[T]he clear and express intent of 365(d)(3) is to require the [debtor-in-possession] to perform the lease in accordance with its terms." *Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F3d 205, 209 (7th Cir. 2001). See also, *Koenig Sporting Goods, Inc. v. Morris Road Co.* (*In re Koenig Sporting Goods, Inc.*), 203 F3d 986, 989 (6th Cir. 2000); and *In re Simbaki, Ltd.*, 215 Bankr. LEXIS 1142 (Bankr. S.D. Tex. Apr. 6, 2015).

20.     11 U.S.C. § 105(a) provides, in pertinent part, that

> (a) The court may issue any order, process, or judgment that is necessary
> or appropriate to carry out the provisions of [the Bankruptcy Code].

11 U.S.C. § 105(a).

21.     The Court should exercise its powers under 11 U.S.C. § 105(a) to compel Debtor to perform its post-petition obligations under the Lease.

22.     Because there is a substantial risk that this bankruptcy estate will become administratively insolvent, leaving the post petition rental payments due to Movant unpaid, the protections afforded by 11 U.S.C. § 503(b)(1) are of scant comfort. Therefore, without the Court's use of its section 105(a) powers to compel payment of post-petition rent, Movant's interests under the Lease are not adequately protected.

23.     Movant seeks an order compelling compliance with 11 U.S.C. § 365(d)(3) and, as

applicable, 11 U.S.C. § 503(b), compelling the payment of contractual rent or the reasonable rental value of the Location pending assumption or rejection.

24.     Counsel for Movant contacted Eric Liepins, as counsel for Debtor, on April 11, 2019, to inquire as to whether Debtor intended to seek to assume the Lease.  No decision had been made.

25.     To assume an unexpired lease or executory contract, Debtor must cure all past defaults. Any cure must address all payments due under the Lease, not just those allocated or denominated as base rent or lease payments. Additional obligations include paying for insurance and taxes on the Location.

**WHEREFORE, PREMISES CONSIDERED,** Movant respectfully requests that the Court enter an order compelling the Debtor to pay its obligations under sections 365(d)(3) and 503(b) of the Bankruptcy Code, assume or reject the Lease and for such other relief as is just and proper.

Respectfully submitted this the 12th day of April, 2019.

SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150


By:___/s/ Patrick J. Schurr_____
    Patrick J. Schurr
    State Bar No. 17853530
    Email: patrick.schurr@solidcounsel.com

ATTORNEYS FOR SIMPLICITY CAPITAL L.L.C.

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on April 11, 2019, I contacted Eric Liepins, counsel for the Debtor, regarding the assumption or rejection of the Lease which is the subject matter of this motion, and he could not advise me as to the debtor's intention with regard to the Lease or the Location.

/s/ Patrick J. Schurr

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, Eric Liepins, and all parties requesting notice hereinabove, via electronic means, and the parties listed on the attached mailing matrix, via U.S. First class mail, postage prepaid, on this the 12rth day of April, 2019.

/s/ Patrick J. Schurr

**MOTION TO COMPEL ASSUMPTION OR REJECTION OF**
**<u>NONRESIDENTIAL REAL PROPERTY</u> <u>LEASE</u>** - PAGE 6
N:\pschurr\Simplicity Frick\2019.04.12 motion assume reject.wpd