Eric A. Liepins
State Bar No. 12338110
Eric@ealpc.com
**ERIC A. LIEPINS, PC**
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone: (972) 991-5591
**ATTORNEYS FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| INTERNATIONAL RESTAURANT | § | Case No. 19-40762-BTR-11 |
| GROUP, LLC, ET AL. | § | (Jointly Administered) |
| | § | |
| **Chapter 11 Debtors** | § | |

### MOTION TO SELL CERTAIN PERSONAL PROPERTY
### FREE AND CLEAR OF ALL LIENS

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Page 1 of 6

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, International Restaurant Group, LLC, Al Rahum Enterprises, LLC, and Al Rahum Holdings, LLC, the Debtors in the above-referenced bankruptcy proceeding, and file this their Motion For Authority To Sell Certain Personal Property Free and Clear of All Liens, pursuant to the provisions of 11 U.S.C Sections 363(b) and 363(f) and in accordance with Bankruptcy Rules of Procedure 6004(c), and in support of such Motion would respectfully show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A). The relief requested in this Motion is sought pursuant to 11 U.S.C. § 363.

## II.
## FACTUAL BACKGROUND

2. The Debtors filed three (3) cases under Chapter 11 of the U.S. Bankruptcy Code (the "Code") on March 22, 2019 (the "Petition Date"). On April 16, 2019, this Court entered an Order of Joint Administration.

3. The Debtors have the rights, powers, and duties of a debtor-in-possession pursuant to 11 U.S.C. § 1107.

4. Prior to the Petition Date, the Debtors operated as franchisees of several restaurant concepts in and around the Dallas Fort Worth Metroplex.

5. Prior to the Petition Date, one of the Debtors' Franchisors (Grandy's, LLC ("Grandy's)) terminated the Debtors' franchise rights at several locations.

6. In addition, at seven (7) locations where the franchise rights were terminated, Grandy's was also acting[1] as landlord to the Debtors. At these locations, Grandy's locked the Debtors out of the premises prior to the Petition Date. The Seven Locations at which Grandy's served as the landlord are:

    A.    Balch Springs, Texas (12011 Elam Road);
    B.    Dallas, Texas (3738 Marvin D. Love Freeway);
    C.    Dallas, Texas (8228 East R.L. Thornton Freeway);
    D.    Garland, Texas (2155 Northwest Highway);
    E.    Mesquite, Texas (2009 North Towneast Blvd);
    F.    Fort Worth, Texas (7201 Camp Bowie West Blvd.);
    G.    Lewisville, Texas (401 South Stemmons Freeway) (collectively, the "Surrendered Locations").

7. At each of the Surrendered Locations, the Debtor still owns certain personal property, including furniture, fixtures, equipment, tools, and smallwears.

8. The Debtor intends to sell, in a private sale to Grandy's, all of the Debtors' interest in all of the personal property at each of the Surrendered Locations free and clear of all mortgages, encumbrances, and liens for the sum of One Hundred

---

[1] In some instances, Grandy's was the tenant under a long-term lease and sub-leased the property to the Debtors.

Forty Thousand and No/100 Dollars ($140,000.00). This amounts to Twenty Thousand Dollars ($20,000) per location.

9. Upon closing and funding, and with the Court's approval, the Debtor will deliver a Bill of Sale, along with such other documents that are reasonably requested by Grandy's, conveying the personal property described hereinabove to Grandy's.

10. Upon information and belief, FC Marketplace, LLC and Green Bank d/b/a Veritex Bank hold or may hold liens on some of the property to be sold hereunder. Furthermore, given the transient nature of personal property, it is possible that other lenders have or may have a security interest in the property to be sold hereunder.

11. The Debtor does not have figures for the total amount of liens claimed by any Creditor or what portion, if any, of said claim(s) is attributable to the property to be sold.

12. The Debtor believes that selling this property to Grandy's is in the best interest of the Estate for the following reasons:

    A. No other party has submitted a bid for this property;

    B. The property is burdensome to the Estate to store;

    C. The property is burdensome to the Estate to transport from the Surrendered Locations;

  D. Removing the property from the Surrendered Locations is likely to result in devaluation of the property;

  E. Grandy's is the best user of the property, and thus, most likely to pay the best price, because Grandy's can use the property in situ, rather than incurring the costs to evaluate, move, store, and move the property again, such as would occur at an auction or other public sale; and

  F. The purchase price of $140,000 represents a more-than-fair valuation[2] of the property.

13. If a party in interest objects, or if any interested third party desires to make a higher bid for the purchase of the property to be sold, the Court should establish the procedure to be followed to establish the high bidder and the appropriate manner to close the sales.

14. Pursuant to the provisions of 11 U.S.C. Section 363(f) as well as the provisions of Bankruptcy Rule of Procedure 6004(c) the Debtors desire to sell the personal property described in this Motion free and clear of any and all liens, encumbrances and other interests against such property, that such liens, encumbrances, and other interests attach to the proceeds of the proposed sale, and to be distributed in accordance with the priority of those liens, encumbrances, and interests.

---

[2] The Parties consulted with an independent third-party appraiser who estimated the value of the personal property to be in a range of $2,000 – $8,000 per store.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, The Debtors pray that the Court determine that adequate notice and opportunity for hearing of this Motion has been given to creditors and parties in interest in this bankruptcy case, and that after considering the merits of such Motion that the Court grant the Debtors authority to sell the personal property described herein free and clear of any and all interest with the liens against such property to attach to the proceeds and to be distributed in accordance with the priority of those liens, and for such other and further relief whether at law or in equity as the Court may deem necessary and proper.

Dated: May 2, 2019

Respectfully submitted,

/s/ Eric A. Liepins
State Bar No. 12338110
Eric@ealpc.com
**ERIC A. LIEPINS, PC**
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone: (972) 991-5591
**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served as follows: (1) via electronic transmission to counsel for the Grandy's at mnowak@ns-law.net, counsel for Green Bank at smarmon@cjmhlaw.com, and counsel for BBVA – Compass Bank at defaultspecialty.us@bbva.com; (2) upon all parties who have requested e-notice, *via* the CM/ECF electronic notice system; and (3) via US mail to all other parties identified in the attached Master Mailing List on the 2nd of May 2019.

/s/ Eric A. Liepins